620 P.2d 1306

**Guadalupe Garcia HERNANDEZ, Plaintiff–Appellant,**

v.

**HOME EDUCATION LIVELIHOOD PRO-GRAM, INC., a New Mexico Corporation, et al., Defendants–Appellees.**

**No. 4767.**

Court of Appeals of New Mexico.

Dec. 9, 1980.

Seigenthaler & Graham, George A. Graham, Jr., Artesia, for plaintiff–appellant.

Shaffer, Butt, Thornton & Baehr, P. C., Briggs F. Cheney, Alfred L. Green, Jr., Albuquerque, for defendants–appellees.

## OPINION

SUTIN, Judge.

Plaintiff sued defendants for damages as a result of her wrongful discharge from employment. Defendants were granted summary judgment which stated:

[T]he Court finds that there is no genuine issue as to the material fact that the Plaintiff has not to this date availed herself of any of the grievance or appeal procedures provided for under the Personnel and Policies Manuel [sic] of Defendant and Plaintiff did not file an appeal of her termination nor request any reconsideration of her termination and the Plaintiff having wholly failed to exhaust her administrative remedies, such action filed in the above styled and numbered cause is premature and Summary Judgment should be granted.

On June 7, 1978, the Executive Director of Home Education Livelihood Program, Inc. (H.E.L.P.) wrote plaintiff that her employment as a Manpower Specialist II was terminated immediately because plaintiff could not perform the duties required of her. H.E.L.P. had no other position available at that time. No suggestion was made that plaintiff could avail herself of any of the grievance or appeal procedures set forth in the Personnel and Policies Manual.

Section XIX of the Manual entitled Grievance and Appeals Procedure and subsection A(2) and (3) entitled Definitions, read:

(2) Adverse action, any disciplinary action * * * taken by the supervisor that results in actual loss * * * of salary to an employee or adversely affects his career.

(3) Appeal, an employee's request to supervisors *to reconsider an adverse action* which may include a full and impartial hearing, if requested.

Subsection B(2) and (3), entitled "Procedures" read:

(2) *An adverse action* taken by a superior will be reduced to writing and transmitted to the employee. *The notification will contain all particulars of the adverse action, including the rights of the employee to request reconsideration and the right to submit evidence in support of the request.*

(3) An appeal of *an adverse action* will be sent to the Executive Director within ten (10) working days, along with all evidence which the employee feels is relevant to the case * * * * [All emphasis added.]

The Executive Director, in his letter of termination of plaintiff's employment did not comply with subsection B(2), thus not complying with H.E.L.P.'s manual. Plaintiff was not notified of her right "to request reconsideration and the right to submit evidence in support of the request."

H.E.L.P. relies on subsection B(3) which is "An appeal of an adverse action * * *" An appeal, however, is defined as an employee's request "to reconsider an adverse action." "An appeal of an adverse action" does not arise until an employee is notified of her right "to request reconsideration." Absent notification of plaintiff's right "to request reconsideration," subsection B(3) is not applicable.

Plaintiff did not avail herself of any of the grievance or appeal procedures because she was not notified of her rights. The fault lies with H.E.L.P., not plaintiff.

The trial court erred in awarding defendants summary judgment.

Defendants shall pay the costs of this appeal.

Reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.